IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Marie Foster,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>State of Hawaii Department of Accounting and General Services; Hawaii state Archives; Julie A. Ugalde, Risk Management Officer,<br><br>　　　　Defendants.<br>_____ | 2:10-cv-02640-GEB-DAD<br><br><u>ORDER OF DISMISSAL</u> |

　　　　Plaintiff's Complaint and her counsel's declaration filed in response to the May 19, 2011 Order to Show Cause ("OSC") reveal this action should be dismissed for lack of subject matter jurisdiction.

　　　　"It is a fundamental principle that federal courts are courts of limited jurisdiction." <u>Owen Equip. & Erection Co. v. Kroger</u>, 437 U.S. 365, 374 (1978). "The lack of subject matter jurisdiction may be raised at any time, and the court is obligated to address the issue *sua sponte*." <u>Health Facilities of Cal. Mut. Ins. Co., Inc. v. British Am. Ins. Grp., Ltd.</u>, No. CV 10-3736 PSG (JCGx), 2011 WL 1296488, at *2 (C.D. Cal. Apr. 5, 2011)(citing Fed. R. Civ. P. 12(h)(3)).

　　　　Federal Rule of Civil Procedure ("Rule") 8(a) prescribes that a Complaint must contain "a short and plain statement of the grounds for the court's jurisdiction[.]" Local Rule 204 further requires that Rule 8(a)'s jurisdictional statement "appear as the first allegation[,] . . . state the claimed statutory or other basis of federal

1

jurisdiction[, and] . . . state the facts supporting such jurisdictional claim." E.D. Cal. R. 204.

Plaintiff's Complaint only alleges state law claims and fails to include a jurisdictional statement as required by Rule 8(a) and Local Rule 204. (ECF No. 1.) Further, Plaintiff's counsel declared in response to the May 19, 2011 OSC that "[Plaintiff's] complaint cannot proceed in federal court due to jurisdictional problems." (Decl. of Ilija Cvetich re: Order to Show Cause ¶ 3, ECF No. 12.) Therefore, this action is dismissed for lack of subject matter jurisdiction.

Dated: June 8, 2011

GARLAND E. BURRELL, JR.
United States District Judge